CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 0 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT LEE CLARK, JR., ) | Civil Action No. 7:15-cv-00436 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| BRANDON GRAVELY, ) | By: Hon. Michael F. Urbanski | |
| Defendant. ) | United States District Judge | |

Robert Lee Clark, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming a correctional officer of the New River Valley Regional Jail ("Jail") as the sole defendant. Plaintiff alleges that the defendant searched Plaintiff's cell and seized Plaintiff's legal mail, "therefore violating [Plaintiff's] constitutional rights."

The court must dismiss an action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions...." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).[1]

Plaintiff fails to identify a non-frivolous legal claim that defendant's seizure prevented him from accessing a court. See, e.g., Christopher v. Harbury, 536 U.S. 403, 415 (2002). To state an access to courts claims, an "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions.... The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element...." Godfrey v. Washington Cnty., Va., Sheriff, No. 7:06-cv-00187, 2007 U.S. Dist. LEXIS 60519, at *39, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (Turk, J.). There is no allegation in the pro se complaint that plaintiff's access to the courts was impeded, delayed or restricted in any respect. Accordingly, the complaint fails to state a claim upon which relief may be granted, and it is dismissed without prejudice.

ENTER: This _____ day of September, 2015.

/s/ Michael F. Urbanski
United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).